UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-186 |
| IRIAN DORSEY | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant Irian Dorsey's motion for credit for time served.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On July 30, 2015, defendant was named in a multicount bill of information for violations of the Federal Gun Control Act and his participation in the murders of Oscar Johnson and Travis Thomas.[2] Defendant entered federal custody on August 7, 2015.[3] On October 9, 2015, defendant pleaded guilty to all four counts in the bill of information.[4] On

---

[1]   R. Doc. 175.
[2]   R. Doc. 1.
[3]   R. Doc. 9.
[4]   R. Docs. 17 & 22.

December 2, 2020, defendant was sentenced to a term of 300 months' imprisonment.[5]

Defendant now requests "any documents that can show [his] sentencing credits," noting that he is having problems receiving credit for his time in the custody of the U.S. Marshals Service between August 25, 2015 and January 9, 2021.[6] In response, the Government represents that, to the extent defendant is seeking his sentencing computation records from the Bureau of Prisons (BOP), the Government has "contacted [the] BOP and was advised that Dorsey can request his sentencing computation records from his unit team at USP Florence where [he] is incarcerated."[7] But to the extent that defendant is requesting credit for time served, the Government notes that he must make this request in the District of Colorado where he is currently incarcerated.[8]

## II. DISCUSSION

The Court construes defendant's motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because defendant appears to be requesting

---

[5]   R. Doc. 169.
[6]   R. Doc. 175.
[7]   R. Doc. 177 at 1.
[8]   *Id.* at 1-2.

2

credit for time served, which is considered a challenge to the duration of his sentence. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence . . . must proceed via a petition for habeas corpus under 28 U.S.C. § 2241."); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" (quoting *United States v. Cleto*, 956 F.2d 83, 94 (5th Cir. 1992))); *Sanchez-Quintana v. Davis*, No. 01-2657, 2001 WL 1397316, at *1 (E.D. La. Nov. 8, 2001) ("A complaint that challenges the fact or duration of the petitioner's confinement must be construed as a petition for writ of habeas corpus." (citations omitted)).

    In order to entertain jurisdiction over a section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990); *see also United States v. Adams*, 51 F. App'x 482, 482 (5th Cir. 2002) (per curiam) (noting that the district court lacked jurisdiction to consider defendant's petition because he was incarcerated in the Eastern District of Texas). Accordingly, a petitioner must file his habeas petition in the federal district in which he is imprisoned. *Id.* Here, Dorsey is

incarcerated in the federal penitentiary in Florence, Colorado, which is in the District of Colorado.[9] The Court therefore does not have jurisdiction to afford defendant the relief he seeks.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Dorsey's motion.

New Orleans, Louisiana, this __15th__ day of February, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]  R. Doc. 175.