UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-186 |
| IRIAN DORSEY | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant's motion for appointment of counsel.[1] For the following reasons, the Court denies the motion.

### I.   BACKGROUND

In October 2015, defendant Irian Dorsey pleaded guilty to one count of conspiracy to use, carry, brandish, and discharge firearms during and in relation to crimes of violence and drug trafficking in violation of 18 U.S.C. § 924(o) (Count 1); one count participation in murder in violation of 18 U.S.C. §§ 2 and 942(o) (Count 2); one count discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c) (Count 3); and one count participating in murder in violation of 18

---

[1]   R. Doc. 179.

U.S.C. §§ 2 and 924(j) (Count 4).[2]  He was sentenced to a term of imprisonment of 300 months, consisting of 180 months on each of Counts 1, 2, and 4, to be served concurrently, and 120 months on Count 3 to be served consecutively to all other terms of imprisonment.[3]  On August 3, 2021, Dorsey filed a motion seeking credit for time served in federal custody before his sentencing.[4]  The Court construed his motion as a habeas petition under 28 U.S.C. § 2241 and denied it for lack of jurisdiction.[5]  Dorsey now moves for appointment of counsel to help him obtain credit for time served.[6]

The Court considers the motion below.

## II.  LAW AND ANALYSIS

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Under the Criminal Justice Act, a court may appoint counsel "for any eligible person" if it finds that "the interests of justice so require,"

---

[2]  R. Doc. 22.
[3]  R. Doc. 169.
[4]  R. Doc. 175.
[5]  R. Doc. 178.
[6]  R. Doc. 179.

and the person "is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). While Dorsey is not currently seeking relief under section 2241, 2254, or 2255 of title 28, "[a] claim for time served prior to the date of a federal sentence . . . must proceed via a petition for habeas corpus under 28 U.S.C. § 2241." *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). Thus, the Court will construe Dorsey's motion as one for the appointment of counsel to assist him in filing a petition for credit for time served under 28 U.S.C. § 2241.

In determining whether the interests of justice require the appointment of counsel, the Court may consider the adequacy of movant's statement of the issues to be decided, the complexity of those issues, and the merits of movant's intended claim for relief. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) (declining to appoint counsel because "supplemental briefing by counsel would not assist the court and would be an inefficient use of judicial resources"); *United States v. Lake*, 95 F.3d 1148, 1148 (5th Cir. 1996) (declining to appoint counsel because appellant's arguments lacked merit); *United States v. Declouet*, No. 07-198, 2020 WL 708137, at *1 (E.D. La. Feb. 12, 2020) ("Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the complexity of the legal and factual arguments raised by the petitioner's motion, and the

capabilities of the petitioner."). Counsel may be appointed only under "exceptional circumstances." *Saucier v. Warden*, 47 F.3d 426, 426 (5th Cir. 1995) (per curiam) (quoting *Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992)).

First, Dorsey has adequately stated the basis of his planned motion. *See United States v. Davis*, 629 F. App'x 613, 619 (5th Cir. 2015) ("[Appellant] appears to have a general understanding of his case and . . . supplemental briefing by appointed counsel would not further aid the court. . . . Thus . . . the court did not abuse its discretion in denying the motion to appoint appellate counsel."). Dorsey states that his motion will seek to compel the Bureau of Prisons ("BOP") to award him credit for time served in custody from August 7, 2015, to January 9, 2021.[7]

Second, the proposed basis for Dorsey's motion, his request to receive federal credit for time served,[8] is meritless. This Court lacks the authority to award defendant credit for time served because once a court sentences a defendant, the responsibility for administering that sentence is turned over to the Attorney General, acting through the BOP. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (holding that a court may not directly

---

[7]  *Id.*
[8]  *Id.* at 1.

award credit against a federal sentence for time spent in official detention and that the Attorney General must compute the credit under 18 U.S.C. § 3585(b)).  It is therefore the province of the BOP, not this Court, to determine whether Dorsey is entitled to the credit he seeks.  Further, Dorsey has already filed a motion seeking the relief he requests an attorney to assist him in obtaining, and the Court denied the motion for lack of jurisdiction, noting that when a prisoner seeks credit for time served he is challenging the duration of his sentence, and he must "file his habeas petition in the federal district in which he is imprisoned."[9]  Dorsey is currently incarcerated within the Eastern District of California.[10]  Thus, the interests of justice do not require appointment of counsel in this case.

---

[9] R Doc. 178 at 3 (citing *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)).

[10] R. Doc. 179.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to appoint counsel.

New Orleans, Louisiana, this __17th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE